UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID WHITFIELD,

    Petitioner,

-vs-                                            Case No.  8:99-CR-78-T-27MSS
                                                                     8:06-CV-366-T-27MSS

UNITED STATES OF AMERICA ,

    Respondent.
_____/

ORDER

This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (Dkt. 1) and Motion for Order to Show Cause Why the Section 2255 Habeas Petition Should Not Be Granted (Dkt. 9).  The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts,[1] and finds, for reasons set forth below, that service of the motion is not required. 28 U.S.C. § 2255 ¶ 2.

Discussion

On March 10, 1999, a federal grand jury returned a 20-count indictment charging Petitioner and five others as principals in Greater Ministries International Church of engaging in a fraudulent investment scheme that took in more than $400 million between 1996 and 1999. Following a lengthy jury trial, Petitioner was found guilty on March 12,

---

[1] Rule 4(b) provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

2001, of mail fraud conspiracy, money laundering conspiracy, mail fraud, money laundering, conducting unlawful monetary transactions, and unlawfully structuring financial transactions (CR Dkt. 437).

Petitioner was sentenced on August 9, 2001, to a terms of 60 months, to be followed by a 36-month term of supervised release, on Counts One, Three, Four, Six, and Seven; 235 months on Counts Two, Eight, Nine, Ten, Eleven, and Twelve, and 60 months on Counts Thirteen, Fourteen, Fifteen, Sixteen, and Seventeen, with all sentences to run concurrent with each other (CR Dkt. 573). The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences on October 30, 2003 (CR Dkt. 1025). *See United States v. Whitfield*, 87 Fed.Appx 713 (11th Cir. 2003). The Supreme Court affirmed Petitioner's convictions and sentences on January 11, 2005. *See Whitfield v. United States*, 543 U.S. 209 (2005). His motion for rehearing was denied on March 5, 2005. *Whitfield v. United States*, 544 U.S. 913 (2005). Petitioner's § 2255 motion was filed March 3, 2006.[2]

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. Petitioner's limitation

---

[2] *See Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion was filed on date that he signed, executed, and delivered his petition to prison authorities for mailing).

period commenced to run when the Supreme Court entered its decision affirming his convictions and sentences on January 11, 2005. S.Ct. R. 16.3. *See Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (if the prisoner files a timely petition for certiorari, a "judgment of conviction" becomes final within the meaning of § 2255 on the date on which the Supreme Court issues a decision on the merits or denies certiorari); *United States v. Segers*, 271 F.3d 181, 184 n.2 (4th Cir. 2001) (holding that "the filing in the Supreme Court of a petition for rehearing of the denial of a petition for certiorari has no effect on the finality of the judgment of conviction"). Thus, to be timely Petitioner's § 2255 motion had to be filed on or before January 11, 2006.

More than one year elapsed between the date Petitioner's conviction became final and the filing of his § 2255 motion on March 3, 2006. Petitioner does not assert that a government-imposed impediment prevented him from filing a timely § 2255 motion. *See* 28 U.S.C. § 2255 ¶6(2). Petitioner's assertion that testimony given by Bankruptcy Trustee Kevin O'Halloran[3] during Petitioner's security fraud case[4] regarding the victim investors' aggregate loss of $50,382,483.08 constitutes "new" evidence does not satisfy the diligence requirement under § 2255 ¶6(4) since the information was made known to Petitioner in 2003. *See* 28 U.S.C. § 2255 ¶6(4).

Likewise, to the extent that Petitioner asserts a claim premised on the Supreme Court's holdings in *Blakely*[5] and *Booker*,[6] *see* Ground Eight, he is not entitled to proceed

---

[3]*In Re Greater Ministries International, Inc.*, Case No. 99-13967-8B1 (Bankr. M.D. Fla. 2003).

[4]*Alabama Securities Comm. v. Greater Ministries*, 125 Fed.Appx. 975 (11th Cir. 2004) (table decision), *cert. denied, Whitfield v. Alabama Securities Com'n*, __ U.S. __, 126 S.Ct. 347 (2005). A copy of the Eleventh Circuit's unpublished opinion is available in the district court's file, *see* Case No. 8:99-1786-CV-T-30MSS, Dkt. 636.

[5]*Blakely v. Washington*, 542 U.S. 196, 124 S.Ct. 2531, 159 L.Ed.2d 403 (Jun. 24, 2004) (applying the
(continued...)

under § 2255 ¶ 6(3). Section 2255 ¶ 6(3) provides that the one year limitations period for filing a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶ 6(3). The Supreme Court clarified this provision in *Dodd*, holding that in the event the dates do not coincide, the one-year limitations period runs from the date that the Supreme Court first recognizes the new right, not from the date it becomes retroactively applicable. *Dodd v. United States*, --- U.S. ----, 125 S.Ct. 2478, 2481-82, 162 L.Ed.2d 343 (2005). Unless the Supreme Court determines that the right may be retroactively applied, the one-year limitations period set forth in § 2255 ¶ 6(3) never comes into play. *Id.* at 2482-83.

As of the date of this Order, the Supreme Court has not determined that the *Blakely/Booker* decisions apply retroactively on collateral review. The Eleventh Circuit has held, on the other hand, that "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). *See also In re Anderson*, 396 F.3d 1336 (11th Cir. 2005). Given the fact that the *Blakely/Booker* decisions are not applied retroactively, an argument that Petitioner is entitled to proceed under § 2255 ¶6(3) fails.[7]

---

(...continued)
rule of *Apprendi*, the court held that the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings).

[6] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[7] Were the Supreme Court to determine that *Booker* is to be applied retroactively to cases on collateral review, given the holding in *Dodd,* Petitioner would not be entitled to proceed under § 2255 ¶6(3) because *Booker* was decided on January 12, 2005, more than a year before Petitioner filed his § 2255 motion.

Thus, unless Petitioner demonstrates that he is entitled to equitable tolling of the limitations period, his § 2255 motion is time barred. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is appropriate when a motion is untimely filed because of extraordinary circumstances that are both beyond the petitioner's control and unavoidable even with diligence. *Jones v. United States,* 304 F.3d 1035, 1039 (11th Cir. 2002), *cert. denied* 538 U.S. 947 (2003). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Generally, ineffective assistance of counsel will not justify equitable tolling of the limitations period. *See United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005). This is particularly so where, as here, the allegations of ineffectiveness focus on circumstances surrounding the petitioner's underlying conviction and not on those surrounding the late filing of the motion. *See Helton v. Secretary for Dep't of Corrs.,* 259 F.3d 1310, 1314-15 (11th Cir. 2001) ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

Petitioner has not shown that the delay between the date on which his judgment of conviction became final, January 11, 2005, and the date on which the instant motion was filed, March 3, 2006, was the result of a rare circumstance beyond his control.

Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence. A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim

must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995). To establish this requisite probability, Petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* In this context, Petitioner must demonstrate that he has newly discovered evidence that was not presented at trial which would establish factual innocence rather than mere legal insufficiency. *See Sawyer v. Whitley,* 505 U.S. 333, 339 (1992).

Petitioner's assertions of actual innocence fail under the *Sawyer* test. As discussed, the only fact Petitioner asserts as "newly discovered" is testimony given by Bankruptcy Trustee O'Halloran that the victim investors' aggregate loss was $50,382,483.08. First, this information is not "newly discovered" – it was available to Petitioner in 2003 -- well before his limitation period commenced to run in 2005. Secondly, this is not "new evidence" of factual innocence. Petitioner does not contend that he has any other "new" evidence of factual innocence that was not available at trial. Without such a showing, Petitioner cannot demonstrate a colorable claim of actual innocence.

In sum, Petitioner fails to demonstrate any basis for the Court to disregard the procedural bar to a consideration of the merits of his underlying claims.

### Conclusion

The Court finds that Petitioner's § 2255 motion was filed 51 days after the one-year limitations period expired and for reasons discussed above, he has not demonstrated that the claims presented in the § 2255 motion should be subject to equitable tolling of the limitations period. Because the motion is time-barred, it would be improper for the Court

to discuss the merits of Petitioner's claims. *See Helton v. Secretary for Dep't of Corrs.*, 259 F.3d at 1315.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion for Order to Show Cause Why the Section 2255 Habeas Petition Should Not Be Granted (Dkt. 9) is **DENIED**.

2. The motion to vacate, set aside, or correct sentence (CV Dkt. 1) is **DENIED**.

3. The Clerk shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on June 5th, 2006.

JAMES D. WHITTEMORE
United States District Judge

SA: jsh

Copy to: All Parties/Counsel of Record