UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID WHITFIELD,

Plaintiff,

vs.                                              Case No.: 8:06-CV-366-T-27TBM

UNITED STATES OF AMERICA,

Defendant.
_____/

## ORDER

This § 2255 action was previously dismissed as untimely (Dkts. 10, 11). Petitioner's Motion for Reconsideration was granted *in part*. (Dkt. 14). The Government was directed to file a limited Response on the issue of timeliness, which it did, and Petitioner filed a *pro se* Reply (Dkt. 21, 22). Upon consideration, the Court finds that Petitioner's original § 2255 motion is timely.

Petitioner's convictions were affirmed on appeal. *United States v. Hall*, 349 F.3d 1320 (11th Cir. 2003). The Supreme Court granted certiorari. *Hall v. United States*, 542 U.S. 918 (2004). Petitioner's convictions were affirmed by the Supreme Court on January 11, 2005. *Whitfield v. United States*, 543 U.S. 209 (2005). Rehearing was denied on March 7, 2005. *Hall v. United States*, 544 U.S. 913 (2005).

Petitioner's *pro se* § 2255 motion to vacate was signed by Petitioner on March 3, 2006 and filed with the district court on March 7, 2006 (Dkt. 1).[1] Petitioner's § 2255 motion was filed more

---

[1] A prisoner's *pro se* § 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)

than one year after the January 11, 2005 Supreme Court decision on the merits, but within one year of when his petition for rehearing was denied. To be timely, Petitioner's § 2255 motion must have been filed within one year from the "date on which the judgment of conviction [became] final."[2] The issue presented is whether Petitioner's convictions became "final" when the Supreme Court rendered its opinion on the merits or when that Court denied Petitioner's petition for rehearing.

A judgment of conviction becomes final within the meaning of § 2255(f) on the date on which the Supreme Court renders its decision on the merits or denies certiorari. *Jones v. United States*, 304 F.3d 1035, 1038, n. 5 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003); *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001). More specifically, the Supreme Court has determined that in the context of post conviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the

---

[2] Section 2255(f) provides, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). At least one court has characterized this statement as an "unequivocal pronouncement on the issue of finality in the postconviction context." *Robinson v. United States*, 416 F.3d 645, 649 (7th Cir. 2005), *cert. denied*, 546 U.S. 1094 (2006).

At first glance, considering *Clay's* "unequivocal pronouncement on the issue of finality in the postconviction context," one might logically conclude that the determinative date, for finality purposes, is January 11, 2005, the date on which the Supreme Court affirmed Petitioner's convictions on the merits. However, the statement in *Clay* must be considered in the context of the relevant Supreme Court Rules, Rules 44 and 45.[3]

Had certiorari been denied by the Supreme Court, Petitioner's conviction would have then

---

[3] S.Ct. Rule 44 provides, in pertinent part:

> 1. Any petition for the rehearing of any judgment or decision of the Court on the merits shall be filed within 25 days after entry of the judgment or decision, unless the Court or a Justice shortens or extends the time.

S.Ct. Rule 45 provides, in pertinent part:

> 2. In a case on review from a state court, the mandate issues 25 days after entry of the judgment, unless the Court or a Justice shortens or extends the time, or unless the parties stipulate that it issue sooner. The filing of a petition for rehearing stays the mandate until disposition of the petition, unless the Court orders otherwise. If the petition is denied, the mandate issues forthwith.

> 3. In a case on review from any court of the United States, as defined by 28 U.S.C. § 451, a formal mandate does not issue unless specially directed; instead, the Clerk of this Court will send the clerk of the lower court a copy of the opinion or order of this Court and a certified copy of the judgment. The certified copy of the judgment, prepared and signed by this Court's Clerk, will provide for costs if any are awarded. In all other respects, the provisions of paragraph 2 of this Rule apply.

become final, for purposes of the one year limitation period under the AEDPA, and the filing of a motion for rehearing would have had no effect on the running of the limitation period. S.Ct. Rule 16.3; *Drury v. United States*, 507 F.3d 1295, 1297 (11th Cir. 2007), *cert. denied*, 129 S.Ct. 159 (2008)(finality attaches when Supreme Court denies certiorari and filing of motion for reconsideration does not affect the disposition of the case).[4] Here, however, the Supreme Court granted certiorari and affirmed on the merits. *Drury* is therefore not controlling.

Since the Supreme Court granted certiorari and affirmed on the merits in Petitioner's case, the issue turns on what effect, if any, Petitioner's timely petition for rehearing had on the running of the applicable one year limitation period. Relevant to this determination is S.Ct. Rule 45. Stated another way, did the Court's decision on the merits render Petitioner's convictions "final" or did the rehearing petition suspend the finality of the decision?

In support of his contention that his convictions did not become final until the Supreme Court denied his petition for rehearing, Petitioner relies on a statement by Justice Rehnquist in a chambers order entered in *Richmond v. Arizona*, 434 U.S. 1323 (1977)("A motion for rehearing of an order denying certiorari does not automatically suspend the order during the Term, *unlike a petition for rehearing after full consideration of the case on the merits*.")(emphasis added). The Government counters that *Richmond* "is inapposite" since that case was on review from a state court, thereby implicating Rule 45.2 rather than Rule 45.3, the rule applicable to cases "on review from any court of the United States." This Court disagrees.

---

[4] S.Ct. Rule 16.3 provides, in pertinent part:

> Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.

-4-

The plain language of Rule 45.3 is instructive. Rule 45.3 incorporates language in Rule 45.2 which expressly provides: "The filing of a petition for rehearing stays the mandate until disposition of the petition, unless the Court orders otherwise." Rule 45.3 expressly contemplates entry of a judgment, as opposed to a mandate, after the Court decides the merits of a case. "The provisions of Supreme Court Rule 45.3 refer to the mandate and judgment that issues after a Supreme Court decision on the merits." *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000).

For purposes of determining when a criminal conviction becomes final, specifically the effect of a petition for rehearing and the application of the stay provision of Rule 45.2, this Court finds no meaningful distinction between a "mandate" and a "judgment." To draw such a distinction would essentially subject cases under review from the federal courts to a different procedural rule than that applicable to cases under review from the state courts. This Court has found no support for such a distinction.[5]

Moreover, judgment was not entered in Petitioner's case until after his petition for rehearing was denied on March 7, 2005. One can reasonably infer from this that the Supreme Court's decision on the merits was not intended to be final until the petition for rehearing was denied and judgment entered, consistent with the incorporated stay provision of Rule 45.2. Entry of judgment in Petitioner's case therefore constituted the final judicial act in the direct review of petitioner's

---

[5] In support of his contention that the filing of a petition for rehearing stays the effect of the Supreme Court's decision on the merits, Petitioner quotes from correspondence from the Clerk of that Court in an unrelated case, addressed to counsel representing a habeas petitioner whose petition for certiorari had been granted. (Dkt. 27; *Pierce v. United States*, 543 U.S. 1184 (2005)("The Court today entered the following order in the above-entitled case: . . . Should a petition for rehearing be filed timely, the judgment or mandate will be further stayed pending this Court's action on the petition for rehearing."). Petitioner does not contend that such an order was entered in his case, and this Court has confirmed with the Clerk of the Supreme Court that such an order was not entered in Petitioner's case. Notwithstanding, the referenced order is consistent with this Court's construction of Rule 45.3, to the extent that it incorporates the stay provision of Rule 45.2.

convictions. Otherwise, when the decision affirming Petitioner's convictions was announced, the Clerk of the Supreme Court, in accordance with Rule 45.3, would have sent "the clerk of the lower court a copy of the opinion or order of this Court and a certified copy of the judgment."[6]

Based on the foregong, this Court finds and concludes that the one year limitation period commenced upon the denial of Petitioner's petition for rehearing and entry of judgment by the Supreme Court. Petitioner's petition for rehearing, by virtue of Rule 45.2, automatically suspended the effect of the Court's decision on the merits until such time as the petition was denied and judgment entered. Petitioner's convictions therefore became "final" on March 7, 2005. Accordingly, Petitioner's § 2255 motion to vacate was timely.[7]

**DONE AND ORDERED** in chambers this 10th day of July, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[6] Somewhat analogous is the effect of a rehearing motion filed in the courts of appeal. Under Appellate Rule 41(d)(1), the filing of a petition for rehearing in a court of appeals automatically stays the mandate until the petition for rehearing is decided. Accordingly, "when a prisoner files a petition for rehearing in a court of appeals, its mandate does not issue, and its decision does not become final, until the petition for rehearing is denied." *United States v. Segers*, 271 F.3d 181, 184, n. 2 (4th Cir. 2001), *cert. denied,* 535 U.S. 943 (2002).

[7] If this Court has erred in finding the instant § 2255 timely, Petitioner's reliance on equitable tolling is unavailing. *See Robinson v. United States,* 416 F.3d 645, 651 (7th Cir. 2005). Petitioner's contention that equitable tolling applies, because he was "lulled into believing his conviction was deemed 'final' by the plain reading of the Supreme Court's Rules 16 and 45, the holding in *Richmond*, supra, . . . " or alternatively because of his own "excusable neglect," is unavailing. Petitioner points to nothing, much less extraordinary circumstance beyond his control and unavoidable with due diligence, which prevented him from filing a timely § 2255 motion. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).